UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. MJ21-322 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| ELVIN HUNTER BGORN WILLIAMS ) | |
| Defendant. ) | |
| ) | |

Offenses charged:

1. Providing Material Support to a Designated Foreign Terrorist Organization

Date of Detention Hearing:  June 1, 2021.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. §3142(f) and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant is charged with a violation of 18 U.S.C. § 2339B. Because this

DETENTION ORDER
PAGE -1

offense is listed in 18 U.S.C. § 2332b(g)(5)(B) there is a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e)(3)(C). The charges involve the defendant providing material support to Islamic State of Iraq and al-Sham ("ISIS"), a foreign terrorist organization. It is alleged that he planned to commit acts of terrorism abroad and also domestically. The allegations include that he attempted to persuade another person to join him in driving a semi-truck through a Seattle Pride Parade event, and to subsequently commit a mass shooting there.

2. Defendant is a danger to the community because of his repeated statements regarding his intent to travel abroad to harm others, including specific wishes to execute, shoot, and behead enemies of ISIS. The complaint alleges that he demonstrated a desire to commit a domestic act of terrorism if he was unable to leave the United States, detailing the location, event and method for mass killing. Community concerns related to his radicalization have been documented since 2017. Defendant poses a risk of flight due to his attempted travel to Cairo, Egypt, in order to commit acts of terrorism. He was not interviewed by Pretrial Services, so his background information is unknown or unverified. He does not contest detention.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 2nd day of June, 2021.

                                                                               *S. Kate Vaughan*

                                                          S. KATE VAUGHAN
                                                         United States Magistrate Judge